

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00303-CV

IN THE INTEREST OF D.C. AND
G.M., CHILDREN

----------

### FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 323-101576-15

----------

## MEMORANDUM OPINION[1]

----------

Appellant D.C. (Mother) appeals the trial court's order terminating her parental rights to her son D.C. and her daughter G.M. The trial court found by clear and convincing evidence that Mother's actions satisfied the grounds listed in Texas Family Code section 161.001(b)(1)(D), (E), and (R) as alleged in the

---

[1]*See* Tex. R. App. P. 47.4.

petition for termination and that termination of Mother's parental rights was in D.C. and G.M.'s best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (R), (2) (West Supp. 2016). *See generally In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (recognizing appellate court need not detail the evidence if affirming termination judgment).

Mother's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the motion, counsel avers that he has conducted a professional evaluation of the record and, after a thorough review of the applicable law, has reached the conclusion that there are no arguable grounds to be advanced to support an appeal of this cause and that the appeal is frivolous. Mother was given the opportunity to file a pro se response to the *Anders* brief but did not do so. The Department of Family and Protective Services filed a letter stating that "[b]ecause Appellant has failed to point to any arguable grounds for relief, the State will not reply to the motion to withdraw filed by Appellant's counsel."

Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding *Anders* procedures apply in parental-rights termination

2

cases), *disp. on merits*, No. 02-01-00349-CV, 2003 WL 2006583 (Tex. App.—Fort Worth May 1, 2003, no pet.) (mem. op.).

In reviewing an *Anders* brief, this court is not required to review the merits of each claim raised in the brief or in a pro se response. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Rather, this court's duty is to determine whether there are any arguable grounds for reversal and, if there are, to remand the case to the trial court so that new counsel may be appointed to brief the issues. *Id.* Thus, we conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *K.M.*, 2003 WL 2006583, at *2.

We have carefully reviewed the appellate record and appellate counsel's brief. We agree with appellate counsel that the appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support Mother's appeal. *See Bledsoe*, 178 S.W.3d at 827; *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's judgment terminating Mother's parental rights to D.C. and G.M.

However, we deny the motion to withdraw filed by Mother's counsel in light of *In re P.M.* because it does not show "good cause" other than counsel's determination that an appeal would be frivolous. *See* No. 15-0171, 2016 WL 1274748, at *3–4 (Tex. Apr. 1, 2016) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be

3

premature."); *see also In re C.J.*, No. 02-16-00143-CV, 2016 WL 4491231, at *1 (Tex. App.—Fort Worth Aug. 26, 2016, pet. filed) (denying a motion for withdrawal in light of *P.M.* where it did not show "good cause" other than counsels' determination that an appeal would be frivolous); *In re A.M.*, No. 01-16-00130-CV, 2016 WL 4055030, at *7 & n.2 (Tex. App.—Houston [1st Dist.] July 28, 2016, pet. filed) (noting that since *P.M.* was handed down, "most courts of appeals affirming parental termination orders after receiving *Anders* briefs have denied the attorney's motion to withdraw"). The supreme court has held that in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 2016 WL 1274748, at *3. Accordingly, we deny the motion to withdraw filed by Mother's counsel in light of *P.M.*, 2016 WL 1274748, at *3–4.

PER CURIAM

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DELIVERED: November 17, 2016

4