

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-17-00392-CV

IN THE INTEREST OF A.J. AND
M.H., CHILDREN

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 323-104037-16

----------

## MEMORANDUM OPINION[1]

----------

Appellant Mother appeals the trial court's order terminating her parental rights to her daughters A.J. and M.H.  After a bench trial, during which evidence was presented that Mother had used drugs, had caused her daughters to be born addicted to a controlled substance, and had a mental deficiency that rendered her unable to care for her daughters, the trial court found by clear and convincing

---

[1]*See* Tex. R. App. P. 47.4.

evidence that Mother's actions satisfied the grounds listed in Texas Family Code section 161.001(b)(1)(D), (E), and (R) and section 161.003 as alleged in the petition for termination and that termination of Mother's parental rights was in A.J.'s and M.H.'s best interest. *See* Tex. Fam. Code Ann. §§ 161.001(b)(1)(D), (E), (R), (2), 161.003 (West Supp. 2017). *See generally In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (recognizing appellate court need not detail the evidence if affirming termination judgment).

Mother's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the motion, counsel avers that she has conducted a professional evaluation of the record and, after a thorough review of the applicable law, has reached the conclusion that there are no arguable grounds to be advanced to support an appeal of this cause and that the appeal is frivolous. Although given the opportunity to file a pro se response to the *Anders* brief, Mother did not file a response. The Department of Family and Protective Services filed a letter stating that it "will not reply to the motion and brief filed by counsel for [Mother]."

Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (order); *In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding *Anders*

2

procedures apply in parental-rights termination cases), *disp. on merits*, No. 02-01-00349-CV, 2003 WL 2006583 (Tex. App.—Fort Worth May 1, 2003, no pet.) (mem. op.).

In reviewing an *Anders* brief, this court is not required to review the merits of each claim raised in the brief or in a pro se response. *Cf. Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Rather, this court's duty is to determine whether there are any arguable grounds for reversal and, if there are, to remand the case to the trial court so that new counsel may be appointed to brief the issues. *Id.* Thus, we conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *see also K.M.*, 2003 WL 2006583, at *2.

We have carefully reviewed the appellate record and appellate counsel's brief. We agree with appellate counsel that the appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support Mother's appeal. *Cf. Bledsoe*, 178 S.W.3d at 827; *see also In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's judgment terminating Mother's parental rights to A.J. and M.H.

However, we cannot grant the motion to withdraw filed by Mother's counsel in light of *P.M.* because it does not show "good cause" other than counsel's determination that an appeal would be frivolous. *See* 520 S.W.3d at 27–28 ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of

3

additional grounds for withdrawal, may be premature."); *see also In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied) (in light of *P.M.*, denying motions for withdrawal filed by mother's and father's counsel that did not show "good cause" other than counsels' determinations that an appeal would be frivolous); *In re A.M.*, 495 S.W.3d 573, 582 & n.2 (Tex. App.—Houston [1st Dist.] 2016, pets. denied) (noting that since *P.M.* was handed down, "most courts of appeals affirming parental termination orders after receiving *Anders* briefs have denied the attorney's motion to withdraw"). The supreme court has held that in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28. Accordingly, we deny the motion to withdraw filed by Mother's counsel in light of *P.M. See id.*

PER CURIAM

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DELIVERED:  February 8, 2018

4