

NUMBER 13-18-0005-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF A.L., J.L, AND W.L., CHILDREN

### On appeal from the 36th District Court
### of Bee County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Hinojosa
### Memorandum Opinion by Justice Contreras

Appellant J.L. appeals the trial court's judgment involuntarily terminating her

parental rights with respect to minor children A.L., J.L., and W.L.[1]  We affirm.

### I. *ANDERS* BRIEF

J.L.'s court-appointed appellate counsel has filed a brief stating that she has

---

[1] We refer to appellant and the children by their initials in accordance with the rules of appellate procedure.  *See* TEX. R. APP. P. 9.8(b)(2).

diligently reviewed the entire record and has concluded that there are no non-frivolous grounds for appeal. *See Anders v. California*, 386 U.S. 738 (1967); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief."). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."). Counsel has informed this Court in writing that she has: (1) notified J.L. that she has filed an *Anders* brief and a motion to withdraw; (2) provided J.L. with copies of both pleadings; (3) informed J.L. of her rights to file a pro se response,[2] to review the record preparatory to filing that response, and to seek review if we conclude that the appeal is frivolous; and (4) supplied J.L. with a form motion for pro se access to the appellate record. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20. More than an adequate time has passed, and J.L. has filed neither a motion for pro se access to the record nor a pro se response.

---

[2] In the criminal context, the Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see also In re G.M.*, No. 13-08-00569-CV, 2009 WL 2547493, at *1 (Tex. App.—Corpus Christi Aug. 20, 2009, no pet.) (mem. op.). We have reviewed the record and counsel's brief and we have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

## III. MOTION TO WITHDRAW

J.L.'s counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant."). However, when an *Anders* brief is filed in a parental termination appeal, the appellant's right to appointed counsel extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *In the Interest of P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (citing TEX. FAM. CODE ANN. § 107.013(a)(1) (West, Westlaw through 2017 1st C.S.)). Thus, in the absence of additional grounds for withdrawal, a motion to withdraw brought in the court of appeals may be premature. *Id.* Counsel is permitted to withdraw only for good cause, and counsel's belief that the client has no grounds to seek further review from the court of appeals' decision does not constitute good cause. *Id.*

J.L.'s counsel's motion to withdraw does not show "good cause" other than

counsel's determination that an appeal would be frivolous. Accordingly, in light of the Texas Supreme Court's decision in *P.M.*, we deny counsel's motion to withdraw. *See id.*; *see also In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied) (denying a motion for withdrawal in light of *P.M.* where it did not show "good cause" other than counsel's determination that an appeal would be frivolous); *In re A.M.*, 495 S.W.3d 573, 582 & n.2 (Tex. App.—Houston [1st Dist.] 2016, pets. denied) (noting that since *P.M.* was handed down, "most courts of appeals affirming parental termination orders after receiving *Anders* briefs have denied the attorney's motion to withdraw").[3]

## IV. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Justice

Delivered and filed the
17th day of May, 2018.

---

[3] The Texas Supreme Court has noted that, in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *In the Interest of P.M.*, 520 S.W.3d 24, 28 (Tex. 2016).