

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00436-CV

IN THE INTEREST OF A.R., A
CHILD

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 323-104047-16

----------

## MEMORANDUM OPINION[1]

----------

A.R.'s father appeals from the trial court's judgment terminating his parental rights.[2] *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D–E), (O), (b)(2) (West Supp. 2017). We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]Mother filed an affidavit relinquishing her rights and did not appeal from the trial court's judgment.

Father's appointed appellate counsel has filed a combined motion to withdraw and brief in support of that motion in which he asserts that Father's appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in termination of parental rights cases). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Father filed two responses to the *Anders* brief, and the Texas Department of Family and Protective Services filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to determine if any arguable grounds for appeal exist. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.); *see In re P.M.*, 520 S.W.3d 24, 27 & nn.9–10 (Tex. 2016) (order), *cert. denied*, 2018 WL 1786045 (2018). When analyzing whether any grounds for appeal exist, we consider the record, the *Anders* brief, and any pro se response. *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's brief, the arguments in Father's pro se responses, the Department's brief, and the entire appellate record. Finding no

2

reversible error, we agree with counsel that this appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's order terminating Father's parental rights to A.R.

Because counsel does not show good cause for withdrawal independent from his conclusion that the appeal is frivolous, we deny the motion. *See P.M.*, 520 S.W.3d at 28;[3] *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied).

PER CURIAM

PANEL: BIRDWELL, J.; SUDDERTH, C.J.; and WALKER, J.

DELIVERED: May 24, 2018

---

[3]The supreme court has held that in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28.