

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00318-CV

———————————————

IN THE INTEREST OF N.J., A CHILD

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-106292-17

Before Pittman, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

Appellant A.L.S.-V. (Mother) appeals the trial court's order terminating her parental rights to her daughter N.J. Based upon the evidence submitted at a bench trial, the trial court found by clear and convincing evidence that Mother's actions satisfied the grounds listed in Texas Family Code sections 161.001(b)(1)(D), (E), (M), and (O) as alleged in the petition for termination and that termination of Mother's parental rights was in N.J.'s best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (M), (O), (b)(2). *See generally In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (recognizing appellate court need not detail the evidence if affirming termination judgment).

Mother's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the motion, counsel avers that he has conducted a professional evaluation of the record and, after a thorough review of the applicable law, has reached the conclusion that there are no arguable grounds to be advanced to support an appeal of this cause and that the appeal is frivolous. Mother was given the opportunity to file a pro se response to the *Anders* brief but did not do so. The State filed a letter stating that it would not be responding to the *Anders* brief unless this court holds that there are arguable grounds for relief.

Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support

2

the appeal. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding *Anders* procedures apply in parental-rights termination cases), *disp. on merits*, No. 02-01-00349-CV, 2003 WL 2006583, at *3 (Tex. App—Fort Worth May 1, 2003, no pet.) (mem. op.).

In reviewing an *Anders* brief, this court is not required to review the merits of each claim raised in the brief or in a pro se response. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Rather, this court's duty is to determine whether there are any arguable grounds for reversal and, if there are, to remand the case to the trial court so that new counsel may be appointed to brief the issues. *Id.* Thus, we conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *K.M.*, 2003 WL 2006583, at *2.

We have carefully reviewed the appellate record and appellate counsel's brief. We agree with appellate counsel that the appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support Mother's appeal. *See Bledsoe*, 178 S.W.3d at 826–27; *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's judgment terminating Mother's parental rights to N.J.

But we deny the motion to withdraw filed by Mother's counsel in light of *In re P.M.* because the motion does not show "good cause" other than counsel's

determination that an appeal would be frivolous. *See* 520 S.W.3d 24, 27 (Tex. 2016) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."); *see also In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pet. denied) (denying a motion for withdrawal in light of *P.M.* where it did not show "good cause" other than counsels' determination that an appeal would be frivolous); *In re A.M.*, 495 S.W.3d 573, 582 & n.2 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (noting that since *P.M.* was handed down, "most courts of appeals affirming parental termination orders after receiving *Anders* briefs have denied the attorney's motion to withdraw"). The supreme court has held that in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28. Accordingly, we deny the motion to withdraw filed by Mother's counsel in light of *P.M. See id.*

/s/ Dana Womack
Dana Womack
Justice

Delivered: February 14, 2019

4