

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00148-CV

———————————————————

IN THE INTEREST OF D.H. AND K.H., CHILDREN

---

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-106366-17

---

Before Gabriel, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant A.S. (Mother) appeals the trial court's final order terminating her parental rights to D.H. and K.H. *See* Tex. Fam. Code Ann. § 161.001(b). The trial court found by clear and convincing evidence that Mother's conduct satisfied the termination grounds listed in family code section 161.001(b)(1)(D), (E), and (O) and alleged in the petition for termination. *See id.* § 161.001(b)(1)(D), (E), (O). The trial court further found by clear and convincing evidence that termination of Mother's parental rights was in D.H. and K.H.'s best interest. *See id.* § 161.001(b)(2). Accordingly, the trial court ordered the termination of Mother's parental rights to D.H. and K.H. and named appellee Texas Department of Family and Protective Services (DFPS) as their permanent managing conservator.[1]

On June 14, 2019, Mother's appointed appellate counsel filed a brief and corresponding motion to withdraw, stating that he has conducted a professional evaluation of the record and has concluded that there are no arguable grounds to be advanced to support an appeal of the trial court's termination order and that the appeal is frivolous. Counsel's brief presents the required professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex.

[1]The trial court also terminated the parental rights of D.H. and K.H.'s father. No party appeals that portion of the termination order.

App.—Fort Worth 2003, order) (holding *Anders* procedures apply in parental-termination cases), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583 (Tex. App.—Fort Worth May 1, 2003, no pet.) (mem. op.). Further, counsel informed Mother of her right to request the record and to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014). In addition, this court informed Mother of these rights and gave her the opportunity to notify this court of her intent to respond. Mother has not filed a response. DFPS has notified this court that it agrees with Mother's counsel that there are no grounds assailing the trial court's judgment.

In reviewing a brief that asserts an appeal is frivolous and that fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to determine if any arguable grounds for appeal exist. *See In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied) (citing *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)). Having carefully reviewed the record and the *Anders* briefs, we conclude there are no arguable grounds for reversal; thus, we agree with counsel that Mother's appeal is without merit. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). We affirm the trial court's order of termination. *See* Tex. R. App. P. 43.2(a).

We deny counsel's motion to withdraw in light of the supreme court's decision in *In re P.M.* because counsel has not shown "good cause" other than his determination that an appeal would be frivolous. *See* 520 S.W.3d 24, 27 (Tex. 2016)

3

("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."); *In re A.M.*, 495 S.W.3d 573, 582–83 & n.2 (Tex. App.—Houston [1st Dist.] 2016, pets. denied) (noting that since *P.M.* was handed down, "most courts of appeals affirming parental termination orders after receiving *Anders* briefs have denied the attorney's motion to withdraw").  The supreme court has held that in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief."  *P.M.*, 520 S.W.3d at 27–28.

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered:  August 16, 2019

4