

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00196-CV

_____

IN THE INTEREST OF A.F., A CHILD

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-107548-18

Before Bassel, J.; Sudderth, C.J.; and Gabriel, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant A.F. (Father) appeals the termination of his parental rights to his daughter Anna.[1] After a bench trial, during which evidence was presented that Father had used drugs and had exposed Anna to drugs, that Father had continued to test positive for drugs while the case was pending, and that Father did not complete the tasks on his service plan, the trial court found by clear and convincing evidence that Father's actions (and inaction) satisfied the grounds listed in Texas Family Code section 161.001(b)(1)(D), (E), and (O) and that termination of Father's parental rights was in Anna's best interest. *See* Tex. Fam. Code Ann. §§ 161.001(b)(1)(D), (E), (O), (2). *See generally In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (recognizing appellate court need not detail the evidence if affirming termination judgment). We affirm.

Father's appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion in which he asserts that Father's appeal is frivolous. Although given the opportunity to file a pro se response to the *Anders* brief, Father did not file a response. The Department of Family and Protective Services filed a letter agreeing that the appeal is frivolous and stating that it would not file a response to the motion to withdraw.

Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no

---

[1] *See* Tex. R. App. P. 9.8(b)(2) (requiring court to use aliases to refer to minors in an appeal from a judgment terminating parental rights). All children are referred to using aliases.

reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding *Anders* procedures apply in parental–rights termination cases), *disp. on merits*, No. 02-01-00349-CV, 2003 WL 2006583 (Tex. App.—Fort Worth May 1, 2003, no pet.) (mem. op.) (per curiam).

In reviewing an *Anders* brief, this court is not required to review the merits of each claim raised in the brief or in a pro se response. *Cf. Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Rather, this court's duty is to determine whether there are any arguable grounds for reversal and, if there are, to remand the case to the trial court so that new counsel may be appointed to brief the issues. *Id.* Thus, we conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *see also K.M.*, 2003 WL 2006583, at *2.

We have carefully reviewed the appellate record and counsel's brief. Finding no reversible error, we agree with counsel that this appeal is without merit. *See Bledsoe*, 178 S.W.3d at 827; *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's judgment terminating Father's parental rights to Anna.

Because counsel's motion to withdraw does not show good cause for the withdrawal independent from counsel's conclusion that the appeal is frivolous, we deny the motion. *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (order); *In re C.J.*,

3

501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied). Accordingly, counsel remains appointed in this appeal through proceedings in the supreme court unless otherwise relieved from her duties for good cause in accordance with family code section 107.016(3)(C). *See P.M.*, 520 S.W.3d at 27.

Per Curiam

Delivered: October 3, 2019