

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00368-CV

_____

IN THE INTEREST OF G.C., A CHILD

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-679046-20

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant A.C. (Mother) appeals the trial court's final order terminating her parental rights to G.C. (Gail).[1] *See* Tex. Fam. Code Ann. §§ 161.001(b), 161.004. Because we find no arguable grounds for reversal, we affirm the trial court's order of termination.

Appellee Texas Department of Family and Protective Services (the Department) filed a petition seeking to terminate Mother's parental rights, partially based on her irrevocable affidavit of relinquishment and on her continued drug use after she failed to complete a court-ordered, substance-abuse-treatment program. *See id.* §§ 161.001(b)(1)(K), (P), 161.103(e). At a bench trial, Gail's caseworker, Jennifer Knight, testified that termination was justified based on Mother's voluntary affidavit of relinquishment. Knight believed that the termination of Mother's parental rights would be in Gail's best interest because of Gail's improved circumstances with her foster family, who wanted to adopt Gail. Gail's court-appointed special advocate agreed that Gail's best interest would be served by the trial court's accepting Mother's affidavit and terminating Mother's parental rights. The trial court accepted Mother's affidavit and signed a final order terminating Mother's parental rights based on Mother's irrevocable relinquishment affidavit and based on Gail's best interest. *See id.*

---

[1]We use aliases to refer to the child and her family members. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

§ 161.001(b)(1)(K), (b)(2). Gail's attorney ad litem agreed to and approved the termination order. Mother appealed the order.[2]

Mother's appointed appellate counsel filed a brief stating that he has conducted a professional evaluation of the record and has concluded that there are no arguable grounds to be advanced to support an appeal of the trial court's termination order and that the appeal is frivolous. On this basis, counsel also requests to be allowed to withdraw from his representation of Mother. Counsel's brief presents the required professional evaluation of the record demonstrating why there are no reversible grounds on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding *Anders* procedures apply in cases involving termination of parental rights), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583 (Tex. App.—Fort Worth May 1, 2003, no pet.) (mem. op.) (per curiam). Further, counsel and this court informed Mother of her right to request the record and to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014). This court provided Mother with a copy of the appellate record. The Department has notified this court that it agrees with Mother's counsel that there are no arguable grounds to be advanced on appeal.

In reviewing a brief that asserts an appeal is frivolous and that fulfills the requirement of *Anders*, this court is obligated to undertake an independent

---

[2]Gail's father's parental rights were terminated in a separate order; he does not appeal.

examination of the record to determine if any arguable grounds for appeal exist. *See In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied). Mother responded to counsel's *Anders* brief. She argues that her sister, Anne Cook, wrongly interfered with the Department's actions because Cooke had been employed by the Department. In support of this accusation, she alleges that (1) Gail was removed without the Department's interviewing Mother or her "family members" and (2) Mother and Cindy Kane, Gail's grandmother,[3] passed several drug tests requested by the Department. Finally, she contends that trial counsel "threatened" Mother to coerce her into signing the affidavit of relinquishment; thus, her relinquishment was involuntary.

The record reflects that the Department met with Mother and Kane several times before filing a suit affecting the parent–child relationship and obtaining an emergency removal order. After removal, the Department continued to interview both and to investigate Gail's circumstances. Although the Department interviewed Cook as well, there is no indication that Cook's allegations of Kane's and Mother's drug use were otherwise uncorroborated or assumed to be true. Throughout the Department's investigation, Mother delayed or refused to take drug tests. When she did submit to drug testing after the removal, she repeatedly tested positive for heroin, morphine, amphetamines, methamphetamines, and opiates. However, she

---

[3]Mother and Kane lived together.

4

occasionally passed urinalysis tests. Kane, who was uncooperative with the Department, tested negative for controlled substances; however, the Department noted that because Kane avoided and delayed submitting to the testing, it could not determine if Kane "was using any substances around [Gail]." And at removal, Gail had tested positive for amphetamines and methamphetamines; her exposure was "determined to be both ingestion and environmental."

The record also does not support Mother's assertion that her affidavit of relinquishment was involuntary. At trial, Knight testified that neither she nor her employer[4] had made any promises or offers in exchange for Mother's signing the affidavit. Knight affirmed that Mother had signed her affidavit before a notary and witnesses and that Mother had freely signed the affidavit. Indeed, Mother's affidavit clearly stated it was irrevocable and that she was "freely, voluntarily, and permanently" relinquishing her parental rights to Gail. Mother's admittedly outside-the-record allegations that her affidavit was involuntary cannot be considered by this court. *See In re B.H.*, No. 02-15-00155-CV, 2015 WL 5893626, at *4 (Tex. App.—Fort Worth Oct. 8, 2015, no pet.) (mem. op.).

Having carefully reviewed the entire record, the *Anders* brief, and Mother's pro se response, we conclude that there are no arguable grounds supporting the appeal; thus, we agree with Mother's appellate counsel and the Department that Mother's

---

[4]Knight works for "Our Community Our Kids," which contracts with the Department to provide caseworker services.

appeal is without merit. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Accordingly, we affirm the trial court's order of termination. *See* Tex. R. App. P. 43.2(a).

We deny counsel's request to withdraw because he has not shown "good cause" other than his determination that an appeal would be frivolous. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."); *see also In re A.M.* 495 S.W.3d 573, 582–83 & n.2 (Tex. App.— Houston [1st Dist.] 2016, pets. denied) (noting that since *P.M.*, "most courts of appeals affirming parental termination orders after receiving *Anders* briefs have denied the attorney's motion to withdraw"). The Texas Supreme Court has held that in cases such as this, "appointed counsel's obligations [in the Supreme Court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28.

/s/ Brian Walker

Brian Walker
Justice

Delivered: May 7, 2021

6