

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00149-CV

_____

IN THE INTEREST OF M.G., A CHILD

---

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-679094-20

---

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Appellant S.C. (Mother) appeals the trial court's final order terminating her parental rights to M.G. (Mark).[1] Because we find no arguable grounds for reversal, we affirm the trial court's termination order.

In June 2019, the Texas Department of Family and Protective Services (Department) initiated this proceeding to terminate the parent–child relationship between E.G. (Father) and S.C. and their child, Mark. On the morning of the final hearing, E.G. filed an affidavit of relinquishment of his parental rights to Mark.

After conducting a final hearing, the trial court found that termination of E.G.'s and S.C.'s parental rights was in Mark's best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(2). The trial court also found grounds to terminate E.G.'s and S.C.'s parental rights. As to E.G., the trial court found that E.G. had executed an affidavit of relinquishment of parental rights pursuant to Texas Family Code Section 161.001(b)(1)(K). *See id.* § 161.001(b)(1)(K). The trial court found that S.C. had 1) knowingly placed or knowingly allowed Mark to remain in conditions or surroundings which had endangered Mark's physical or emotional well-being pursuant to Section 161.001 (b)(1)(D); 2) engaged in conduct or knowingly placed Mark with persons who had engaged in conduct which had endangered Mark's physical or emotional well-being pursuant to Section 161.001(b)(1)(E); and 3) failed to comply with the

---

[1]We use aliases to refer to the child and her family members. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

2

provisions of a court order that specifically established the actions necessary for S.C. to obtain the return of Mark who has been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of Mark's removal from the parent under Chapter 262 for the abuse or neglect of Mark, pursuant to Section 161.00(b)(1)(O). *See id.* § 161.001(b)(1)(D),(E),(O). Mother timely appealed from the trial court's termination order.

On July 6, 2021, S.C.'s appointed appellate counsel filed a brief and corresponding motion to withdraw, stating that she had conducted a professional evaluation of the record and had concluded that there are no arguable grounds to support an appeal of the trial court's termination order and that the appeal is frivolous. Counsel's brief presents the required professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding *Anders* procedures apply in parental-termination cases), *disp. on merits*, 2003 WL 2006583, at *1–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (mem. op.). Further, counsel informed S.C. of her right to request the record and to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014). In addition, this court informed S.C. of those rights and gave her the opportunity to file a response on her own behalf, and though she did

3

not do so within the time allotted, we construe a letter she filed to be her brief. The Department notified us that it would not be filing a brief.

In reviewing a brief that asserts an appeal is frivolous and that fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to determine if any arguable grounds for appeal exist. *See In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied) (citing *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)). Having carefully reviewed the record, the *Anders* brief, and S.C.'s pro se response, we conclude there are no arguable grounds for reversal; thus, we agree with counsel that S.C.'s appeal is frivolous. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). We affirm the trial court's order of termination. *See* Tex. R. App. P. 43.2(a).

We deny counsel's motion to withdraw in light of the supreme court's decision in *In re P.M.* because counsel has not shown "good cause" other than her determination that an appeal would be frivolous. *See* 520 S.W.3d 24, 27 (Tex. 2016); *In re C.J.*, 501 S.W.3d at 255. The supreme court has held that in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: September 23, 2021

4