

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00143-CV

IN THE INTEREST OF C.J., H.T.,
AND B.T., CHILDREN

----------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 15-02989-16

----------

## OPINION

----------

Appellants S.J. and B.P.T. appeal the trial court's judgment terminating S.J.'s parental rights to C.J., H.T., and B.T. and terminating B.P.T.'s parental rights to H.T. and B.T. A jury found that clear and convincing evidence established that S.J. and B.P.T. knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being, engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered their physical or emotional well-being, and failed to comply with the provisions of a court order that established the actions necessary to obtain the children's return. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O) (West Supp. 2016). The jury also found

that clear and convincing evidence showed that termination of S.J.'s and B.P.T.'s parental rights is in the children's best interest. *See id.* § 161.001(b)(2).

Both appellants' court-appointed appellate attorneys have filed motions to withdraw and *Anders* briefs in support of those motions, stating that after diligently reviewing the record, they believe that an appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in parental termination cases). The briefs meet the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Although given the opportunity, neither S.J. nor B.T. filed responses.

As the reviewing appellate court, we must independently examine the record to decide whether counsel is correct in determining that an appeal in this case is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Having carefully reviewed the record and the *Anders* briefs, we agree with counsel that the appeal is frivolous. *See K.R.C.*, 346 S.W.3d at 619. We find nothing in the record that might arguably support either appellant's appeal. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Accordingly, we affirm the trial court's judgment.

However, we deny the motions to withdraw filed by S.J.'s and B.P.T.'s counsels in light of *In re P.M.* because they do not show "good cause" other than counsels' determination that an appeal would be frivolous. No. 15-0171, 2016

WL 1274748, at *3–4 (Tex. Apr. 1, 2016) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."); *In re A.M.*, No. 01-16-00130-CV, 2016 WL 4055030, at *7 & n.2 (Tex. App.—Houston [1st Dist.] July 28, 2016, no pet. h.) (noting that since *In re P.M.* was handed down, "most court of appeals affirming parental termination orders after receiving *Anders* briefs have denied the attorney's motion to withdraw").[1] The supreme court has held that in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 2016 WL 1274748, at *3.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DELIVERED:  August 26, 2016

---

[1]In *In re M.M.*, No. 02-16-00004-CV, 2016 WL 2586640, at *1 (Tex. App.—Fort Worth May 5, 2016, no pet.) (mem. op.), we abated the appeal for the trial court to consider whether to appoint new counsel.  However, the supreme court's ruling in *In re P.M.* allowed the courts of appeals to choose which appropriate remedy would preserve an appellant's right to counsel in accordance with section 107.013.  *In re P.M.*, 2016 WL 1274748, at *3–4 ("While an appellate court may be equipped to rule on a motion to withdraw in many instances, it may decide instead, as the court of appeals did in this case with a motion unrelated to any *Anders* claim, to refer the motion to the trial court for evidence and a hearing."); *see* Tex. Fam. Code Ann. § 107.013 (West Supp. 2016).