

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00130-CV

_____

IN THE INTEREST OF L.C., A CHILD

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-601094-16

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Father appeals the termination of his parental rights to his child, L.C. *See* Tex. Fam. Code Ann. § 161.001. Father's court-appointed appellate counsel filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. at 741–42, 87 S. Ct. at 1399. Father filed a pro se response. The Department of Family and Protective Services did not file a response.

As the reviewing appellate court, we must independently examine the record to decide whether counsel is correct in determining that an appeal in this case is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pet. denied). Having carefully reviewed the record, the *Anders* brief, and Father's pro se response, we agree with counsel that the appeal is frivolous. *See C.J.*, 501 S.W.3d at 255. We find nothing in the record that might arguably support Father's appeal. Accordingly, we affirm the trial court's order.

We deny Father's counsel's motion to withdraw in light of *P.M.* because the brief does not show "good cause" other than counsel's determination that an appeal would be frivolous. *See* 520 S.W.3d at 27 ("[A]n *Anders* motion to withdraw brought

in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."); *In re A.M.*, 495 S.W.3d 573, 582–83 & n.2 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (noting that since *P.M.* was handed down, "most courts of appeals affirming parental termination orders after receiving *Anders* briefs have denied the attorney's motion to withdraw"). The supreme court has held that in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: August 22, 2019

3