

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00416-CV

_____

IN THE INTEREST OF J.R., A CHILD

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. 18-5803-362

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

In July 2018, the Texas Department of Family and Protective Services (Department) initiated this proceeding to terminate the parent–child relationship between M.R. (Father) and B.C. (Mother) and their child, J.R. (Jalen).[1] After conducting a final hearing, the trial court found grounds to terminate Father's and Mother's parental rights under Family Code Section 161.001(b)(1). *See* Tex. Fam. Code Ann. § 161.001(b)(1). The trial court also found that the termination of Father's and Mother's parental rights was in Jalen's best interest. Based upon those findings, the trial court terminated the parent–child relationship between Father and Mother and Jalen and named the Department as Jalen's managing conservator. *See id.* §§ 161.001(b), .207(a). Father timely appealed from the trial court's order of termination.[2]

On December 20, 2019, Father's appointed appellate counsel filed a brief and corresponding motion to withdraw, stating that she has conducted a professional evaluation of the record and has concluded that there are no arguable grounds to support an appeal of the trial court's termination order and that the appeal is

---

[1]As this is a parental–rights termination case, we use aliases to refer to the child and parents involved. *See* Tex. R. App. P. 9.8(b)(2) (requiring appellate courts to use aliases to refer to minors in parental–rights termination cases and, if necessary to protect the minors' identities, to also use aliases to refer to their parents and other family members).

[2]Mother did not appeal the trial court's termination of her parental rights.

frivolous. Counsel's brief presents the required professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding *Anders* procedures apply in parental–termination cases), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583 (Tex. App.—Fort Worth May 1, 2003, no pet.) (mem. op.). Further, counsel informed Father of his right to request the record and to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014). In addition, this court informed Father of those rights and gave him the opportunity to notify this court of his intent to respond. Father has not filed a response. The Department has notified us that it waives filing a response to counsel's *Anders* brief.

In reviewing a brief that asserts an appeal is frivolous and that fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to determine if any arguable grounds for appeal exist. *See In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied) (citing *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)). Having carefully reviewed the record and the *Anders* brief, we conclude there are no arguable grounds for reversal; thus, we agree with counsel that Father's appeal is frivolous. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). We affirm the trial court's order of termination. *See* Tex. R. App. P. 43.2(a).

3

We deny counsel's motion to withdraw in light of the supreme court's decision in *In re P.M.* because counsel has not shown "good cause" other than her determination that an appeal would be frivolous. *See* 520 S.W.3d 24, 27 (Tex. 2016) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."); *In re A.M.*, 495 S.W.3d 573, 582–83 & n.2 (Tex. App.—Houston [1st Dist.] 2016, pets. denied) (noting that since *P.M.* was handed down, "most courts of appeals affirming parental termination orders after receiving *Anders* briefs have denied the attorney's motion to withdraw"). The supreme court has held that in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28.

/s/ Dana Womack

Dana Womack
Justice

Delivered:  February 10, 2020

4