

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00220-CV

_____

IN THE INTEREST OF M.S., A CHILD

On Appeal from the 393rd District Court
Denton County, Texas
Trial Court No. 18-11544-431

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

Appellant A.B. (Mother) appeals the trial court's final order terminating her parental rights to M.S. (Meryl).[1]  *See* Tex. Fam. Code Ann. §§ 161.001(b), 161.206. Because we find no arguable grounds for reversal, we affirm the trial court's final order of termination.

Appellee Texas Department of Family and Protective Services (the Department) filed a petition seeking to terminate Mother's parental rights, partially based on the Department's allegations that Mother had placed Meryl in endangering conditions or surroundings, that Mother had engaged in endangering conduct, and that Mother had failed to comply with a court-ordered service plan.  *See id.* § 161.001(b)(1)(D), (E), (O).  The Department also alleged that termination would be in Meryl's best interest.  *See id.* § 161.001(b)(2).

At a jury trial, Meryl's therapist and the Department's caseworker recounted that Meryl had severe behavioral problems when she was placed in foster care and was relocated to a treatment foster placement where she started intensive therapy. During an assessment, Meryl stated that Mother had physically abused her, her biological father had sexually abused her, Mother "would hit her in the face with a belt," and she was "often left at home alone and went without food at times."  Meryl improved and was eventually moved into a foster home that wanted to adopt Meryl.

---

[1]We use aliases to refer to the child and her family members.  *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

Meryl told her therapist that she did not want to see Mother and wanted to be adopted because she was angry Mother could not stay out of jail. Meryl's therapist believed that termination of Mother's parental rights and adoption for Meryl would be in Meryl's best interest:

> I think there will be parts that are hard [if Mother's rights were to be terminated], but if I look at the research for acute trauma and chronic trauma, chronic trauma has much longer lasting effects and it's harder to rebound from, rather than acute trauma most of the time. And so because of the inconsistencies while [Meryl] is in [Mother's] care, the struggles that I've seen [Meryl] go through whenever visits have stopped or, you know, there are these, like, little attachment injuries that occur during these visits that are virtual,[2] right, and that's, like, one hour of time, I believe that if [Meryl] went home, it would be chronic trauma over acute trauma. And so my answer is yes, I believe it would be in her best interest.

Mother testified to her drug abuse, arrests, and incarcerations. Mother, however, denied that she has a substance-abuse problem. She further admitted that she had not complied with the court-ordered service plan but asserted that she had not received a copy of it although she had signed it. Mother could not remember the last time she had a residence of her own, and she explained that she mainly stayed at hotels whenever she was not in jail.

The jury unanimously found by clear and convincing evidence that Mother had knowingly placed or knowingly allowed Meryl to remain in endangering conditions or surroundings, had engaged in endangering conduct or knowingly placed Meryl with

---

[2]Meryl's therapist testified that during some of the virtual visits, Mother was not engaged and would use the phone screen to put on eyelashes.

3

persons who engaged in such conduct, and had failed to comply with a court-ordered service plan. Finally, the jury unanimously found that the termination of Mother's parental rights was in Meryl's best interest. The trial court accepted the jury's verdict and entered a final order of termination incorporating the jury's findings.

Mother's appellate counsel has filed a brief stating that he has conducted a professional evaluation of the record and has concluded that there are no arguable grounds to be advanced to support an appeal of the trial court's termination order and that the appeal is frivolous. Counsel, however, has not sought to withdraw from his representation of Mother. *See generally In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."). Counsel's brief ably presents the required professional evaluation of the record demonstrating why there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re C.J.*, 501 S.W.3d 254, 254–55 (Tex. App.—Fort Worth 2016, pets. denied) (recognizing *Anders* procedures apply in cases involving termination of parental rights). Further, counsel and this court informed Mother of her right to request the record and to file a pro se response.[3] *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014). Counsel provided Mother with copies of his brief

---

[3]Our letter to Mother was returned as undeliverable.

and the appellate record, but she has not responded.  The Department has waived its right to respond to the *Anders* brief.

Having carefully reviewed the entire record and the *Anders* brief, we conclude that there are no arguable grounds supporting the appeal; thus, we agree with Mother's appointed appellate counsel that Mother's appeal is without merit.  *See C.J.*, 501 S.W.3d at 255.  Accordingly, we affirm the trial court's final order of termination.  *See* Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Delivered:  October 8, 2021