

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00222-CV

_____

IN THE INTEREST OF S.W., A CHILD

---

On Appeal from the 97th District Court
Montague County, Texas
Trial Court No. 2019-0495M-CV

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant S.W. (Father) appeals the trial court's final order terminating his parental rights to S.W. (Susie). Because we find no arguable grounds to be advanced on appeal, we affirm the trial court's termination order.

In December 2019, the Texas Department of Family and Protective Services (Department) initiated this proceeding to terminate the parent–child relationship between Father and C.H. (Mother) and their child, Susie. During the pendency of this case, Mother passed away.

After conducting a final hearing, the trial court found that terminating Father's rights was in Susie's best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(2). The trial court also found grounds to terminate Father's parental rights under Section 161.001(b)(1)(E); the trial court found that Father had engaged in conduct or knowingly placed Susie with persons who had engaged in conduct that had endangered Susie's physical or emotional well-being. Father timely appealed from the trial court's termination order.

On August 23, 2021, Father's appointed appellate counsel filed a brief stating that he had conducted a professional evaluation of the record and had concluded that there are no arguable grounds to support an appeal and that the appeal is frivolous. Counsel's brief presents the required professional evaluation of the record demonstrating why there are no reversible grounds on appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–

2

77 (Tex. App.—Fort Worth 2003, order) (holding *Anders* procedures apply in parental-termination cases), *disp. on merits*, 2003 WL 2006583, at *1–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (mem. op.). Further, counsel provided Father with a copy of the reporter's and clerk's records in this case and informed Father of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014). Father declined to file a response. The Department notified us that it would not be filing a brief.

In reviewing a brief that asserts an appeal is frivolous and that fulfills the requirements of *Anders*, this court must independently examine the record to determine if any arguable grounds for appeal exist. *See In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied) (citing *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)). Having carefully reviewed the record and the *Anders* brief, we conclude that there are no arguable grounds that might support Father's appeal; thus we agree with counsel that Father's appeal is frivolous. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). We affirm the trial court's termination order. *See* Tex. R. App. P. 43.2(a).

Father's counsel did not file a motion to withdraw, and the record does not show good cause for withdrawal independent from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (order); *In re C.J.*, 501 S.W.3d at 255. Accordingly, Father's counsel remains appointed in this appeal through proceedings in the supreme court unless otherwise relieved from his duties

for good cause in accordance with Family Code Section 107.016(2)(C).  *See P.M.*, 520 S.W.3d at 27–28; *see also* Tex. Fam. Code Ann. § 107.016(2)(C).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  November 4, 2021

4