

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00268-CV

———————————————

IN THE INTEREST OF H.P. AND H.H., CHILDREN

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CV20-0936

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Mother appeals from the trial court's judgment terminating her parental rights to her children. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (b)(2). We affirm.

Mother's appellate counsel filed a motion to withdraw and an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.). Counsel's brief presents the required professional evaluation of the record demonstrating why there are no arguable grounds for relief. Furthermore, in compliance with *Kelly v. State*, counsel provided Mother with copies of the *Anders* brief, the motion to withdraw, and the appellate record, and he informed Mother of her right to file a pro se response. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Mother did not file a response. The Department elected not to file a brief.

In the *Anders* context, we must independently examine the record to determine if any arguable grounds for appeal exist. *See In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied). When performing this analysis, we consider the record, the briefs, and any pro se response. *In re L.B.*, No. 02-19-00407-CV, 2020 WL 1809505, at *1 (Tex. App.—Fort Worth Apr. 9, 2020, no pet.) (mem. op.).

After careful review, we agree with counsel that this appeal is without merit. We affirm the trial court's judgment terminating Mother's parental rights. We overrule the motion to withdraw; counsel remains appointed through proceedings in the supreme court unless otherwise relieved. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016).

Per Curiam

Delivered:  December 16, 2021