

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-21-00329-CV

---

IN THE INTEREST OF A.P., A CHILD

---

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-691938-20

---

Before Birdwell, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

Mother appeals from the trial court's judgment terminating her parental rights to her child on the grounds that Mother endangered the child and failed to comply with her court-ordered service plan.[1]  *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (b)(2).  We affirm.

Mother's appointed appellate counsel filed a motion to withdraw and an *Anders* brief stating that there are no arguable grounds for appeal.  *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in cases terminating parental rights).  The brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal.  Further, Mother's counsel (1) provided Mother with copies of the motion to withdraw and the *Anders* brief, (2) informed Mother of her rights to file a pro se response and to seek discretionary review from the supreme court, and (3) advised Mother of her right to access the appellate record and provided to her a form motion for effectuating that purpose.  *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).  Mother did not file a response and the Texas Department of Family and Protective Services declined to file a brief.

When an *Anders* brief is filed, we must independently examine the record to determine if any arguable grounds for appeal exist.  *In re C.J.*, 501 S.W.3d 254, 255

---

[1]Father also had his parental rights terminated but did not appeal the judgment.

(Tex. App.—Fort Worth 2016, pets. denied). Our examination should consider the record, the briefs, and any pro se response. *In re L.B.*, No. 02-19-00407-CV, 2020 WL 1809505, at *1 (Tex. App.—Fort Worth Apr. 9, 2020, no pet.) (mem. op.).

After careful review, we agree with Mother's counsel that there are no arguable grounds for appeal in this case. We affirm the trial court's judgment terminating Mother's parental rights. However, we deny the motion to withdraw because Mother's counsel did not show good cause other than counsel's determination that an appeal would be frivolous. *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016); *C.J.*, 501 S.W.3d at 255. Thus, Mother's counsel remains appointed in this case through any proceedings in the supreme court unless otherwise relieved of these duties. *See In re P.M.*, 520 S.W.3d at 27.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: February 10, 2022

3