

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-21-00429-CV

———————————————————

IN THE INTEREST OF E.H. AND I.J., CHILDREN

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-694920-21

Before Birdwell, Bassel, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant A.K. (Mother) appeals from the trial court's final order terminating her parental rights to E.H. (Ethan) and I.J. (Ira).[1]  *See* Tex. Fam. Code Ann. §§ 161.001(b), 161.206.  Because we find no arguable grounds for reversal, we affirm the trial court's final order of termination.

Appellee Texas Department of Family and Protective Services (the Department) filed a petition seeking to terminate Mother's parental rights, partially based on the Department's allegations that Mother had placed Ethan and Ira in endangering conditions or surroundings; Mother had engaged in endangering conduct; Mother had constructively abandoned the children, who had been in conservatorship for at least six months; Mother had failed to comply with a court-ordered service plan; and Mother had used a controlled substance in a manner that endangered the children's health or safety and failed to complete a court-ordered substance-abuse treatment program.  *See id.* § 161.001(b)(1)(D), (E), (N), (O), (P).  The Department also alleged that termination would be in Ethan's and Ira's best interest. *See id.* § 161.001(b)(2).

During the resulting bench trial, there was evidence that Mother had a history of prostitution and had a total of seven children, some of whom had tested positive for controlled substances at birth.  Mother testified that she knew none of her

---

[1]We use aliases to refer to the children and their family members.  *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

children's ages or where they lived. Mother also had a criminal history: a 2018 felony conviction for theft of property valued at less than $2,500 with two prior convictions; a 2017 felony conviction for theft of property valued at less than $2,500 with two prior convictions; and a 2014 felony conviction for burglary of a habitation.

An investigator for the Department testified that Ira had tested positive for opiates, methadone, and cocaine when he was born in early 2021. Mother also tested positive for controlled substances as she had four prior times during the pregnancy. Mother admitted to hospital staff that she was using cocaine and heroin. The Department removed Ira from Mother's care based on these positive drug tests and also removed Ira's older brother Ethan because of the risks to him based on Mother's drug use. Although Mother was placed under a service plan, which included weekly visits with Ethan and Ira and required drug treatment, Mother wholly failed to comply. Mother pointed out that she had never received information about drug-treatment options; however, the Department's caseworker testified that she was unable to communicate with Mother after the initial contact because the number Mother supplied was not a working number. At the time of trial, Ethan and Ira had been placed with a foster family that hoped to adopt them. Ethan and Ira were well adjusted and doing well in foster care. Their guardian ad litem recommended that Mother's parental rights be terminated, and the Department's caseworker testified that termination would be in Ethan's and Ira's best interest.

The trial court found by clear and convincing evidence that Mother had knowingly placed or knowingly allowed Ethan and Ira to remain in endangering conditions or surroundings; had engaged in endangering conduct or knowingly placed Ethan and Ira with persons who engaged in such conduct; had constructively abandoned the children; had failed to comply with a court-ordered service plan; and had used controlled substances in an endangering manner and failed to complete an ordered drug-treatment program. The trial court also found that the termination of Mother's parental rights was in Ethan's and Ira's best interest.

Mother's appellate counsel has filed a brief stating that he has conducted a professional evaluation of the record and concluded that there are no arguable grounds to be advanced to support an appeal of the trial court's termination order and that the appeal is frivolous. Counsel, however, has not sought to withdraw from his representation of Mother in this court. *See generally In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."). Counsel's brief presents the required professional evaluation of the record demonstrating why there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also P.M.*, 520 S.W.3d at 27 n.10 (recognizing *Anders* procedures apply in termination of parental rights cases). Counsel provided Mother with a copy of his brief. Further, counsel and this court informed Mother of her right to request the record and to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313,

4

318–20 (Tex. Crim. App. 2014). Mother did not respond. The Department has waived its right to respond to the *Anders* brief.

Having carefully and independently reviewed the entire record and the *Anders* brief, we conclude that there are no arguable grounds supporting the appeal; thus, we agree with Mother's appointed appellate counsel that Mother's appeal is without merit. *See In re C.J.*, 501 S.W.3d 254, 255 (Tex. Crim. App. 2016). Accordingly, we affirm the trial court's final order of termination. *See* Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Delivered: April 28, 2022