

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00431-CV

———————————————

IN THE INTEREST OF C.C., A CHILD

---

On Appeal from the 322nd District Court
Tarrant County, Texas
Trial Court No. 322-696061-21

---

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Alleged Father appeals from the trial court's judgment terminating his parental rights to C.C. on the grounds that he constructively abandoned C.C. and failed to comply with his court-ordered service plan and that termination was in C.C.'s best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(N), (O), (b)(2). Because we find no arguable grounds for appeal, we affirm.

Appellee Texas Department of Family and Protective Services (the Department) filed a petition to terminate Alleged Father's parental rights to C.C. after C.C. tested positive at birth for amphetamines. When the Department made initial contact with C.C.'s mother (Mother) to investigate the positive drug test, Mother identified appellant as C.C.'s father.[1] At the time, Mother did not have contact information for Alleged Father, but she did indicate that he was "too unstable" to care for C.C. A Department investigator located Alleged Father who confirmed that he could not provide a stable environment for C.C. C.C. was removed from the parents' care and was placed with a family member who was named C.C.'s temporary possessory conservator.

Alleged Father waived service of citation and did not file an admission of paternity or a counterclaim for paternity under Chapter 160 of the Texas Family Code. *See id.* § 161.002(b). He was ordered to follow a service plan that required him

---

[1] The Department also petitioned for and obtained termination of Mother's parental rights; Mother is not a party to this appeal.

to complete psychological and drug assessments, counseling, parenting classes, and a batterer's intervention program.

At the bench trial, Department witnesses testified that Alleged Father did not complete any of his ordered services; tested positive for methamphetamines during the case; had not visited C.C. for at least five months prior to trial; and effectively had no relationship with C.C. The testimony also showed that the temporary possessory conservator had provided C.C. with a loving and stable environment and hoped to adopt C.C. Alleged Father appeared through his attorney but did not personally appear at trial.

The trial court terminated Alleged Father's parental rights to C.C., finding by clear and convincing evidence that he had constructively abandoned C.C. and had failed to comply with a court-ordered service plan, and that termination was in C.C.'s best interest. *See id.* § 161.001(b)(1)(N), (O), (b)(2).

Alleged Father's appointed appellate counsel filed a motion to withdraw and an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in cases terminating parental rights). The brief meets the *Anders* requirements by presenting a professional evaluation of the record and by demonstrating why there are no arguable grounds to be advanced on appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. Further, Alleged Father's counsel certified to this court that she (1)

3

provided her client with copies of the motion to withdraw and the *Anders* brief, (2) informed him of his rights to file a pro se response and to seek discretionary review by the supreme court, and (3) advised him of his right to access the appellate record and provided to him a form motion for effectuating that purpose. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Alleged Father did not file a pro se response, and the Department declined to file a brief.

When an *Anders* brief is filed, we must independently examine the record to determine if any arguable grounds for appeal exist. *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied). Our examination should consider the record, the briefs, and any pro se response. *In re L.B.*, No. 02-19-00407-CV, 2020 WL 1809505, at *1 (Tex. App.—Fort Worth Apr. 9, 2020, no pet.) (mem. op.).

After careful review of the record and the *Anders* brief, we agree with Alleged Father's appointed counsel that there are no arguable grounds for appeal in this case. We affirm the trial court's judgment terminating Alleged Father's parental rights. However, we deny the motion to withdraw because Alleged Father's counsel did not show good cause other than counsel's determination that an appeal would be frivolous. *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016); *C.J.*, 501 S.W.3d at 255. Thus, Alleged Father's counsel remains appointed in this case through any proceedings in the supreme court unless otherwise relieved of these duties. *See P.M.*, 520 S.W.3d at 27.

4

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: April 28, 2022