

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00049-CV

_____

IN THE INTEREST OF K.J., A CHILD

On Appeal from the 158th District Court
Denton County, Texas
Trial Court No. 20-5129-158

Before Birdwell, J.; Sudderth, C.J.; and Kerr, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Father appeals the termination of his parental rights to his child K.J.[1]  *See* Tex. Fam. Code Ann. § 161.001(b)(1)(N), (O), (2).  We affirm.

Father's counsel filed a motion to withdraw and an *Anders* brief stating that the appeal is frivolous and without merit.  *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.).  Counsel's brief presents the required professional evaluation of the record demonstrating why there are no arguable grounds for appeal.  Furthermore, in compliance with *Kelly v. State*, counsel provided Father with a copy of the *Anders* brief, informed Father of his right to file a pro se response, and gave Father a means to access the appellate record.  436 S.W.3d 313, 319 (Tex. Crim. App. 2014).  Father did not file a response.

In the *Anders* context, we must independently examine the record to determine if any arguable grounds for appeal exist.  *See In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied).  When performing this analysis, we consider the record, the *Anders* brief, and any pro se response.  *In re P.C.*, No. 02-20-00313-CV, 2021 WL 520585, at *1 (Tex. App.—Fort Worth Feb. 11, 2021, pet. denied) (per curiam) (mem. op.).

---

[1]We use aliases to protect the child's identity.  *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

2

After careful review, we agree with counsel that this appeal is without merit. We affirm the judgment terminating Father's parental rights to K.J. Counsel's motion to withdraw is denied; counsel remains appointed through proceedings in the supreme court unless otherwise relieved. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (order).

Per Curiam

Delivered: May 19, 2022