

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00130-CV

———————————————————

IN THE INTEREST OF T.B., A CHILD

---

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-700012-21

---

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Father appeals from the trial court's judgment terminating his parental rights to his child on the grounds that Father had constructively abandoned the child, had not regularly visited or maintained significant contact with the child, had demonstrated an inability to provide the child with a safe environment, and had failed to comply with his court-ordered service plan; the Department had made reasonable efforts to return the child to the father; and that termination was in the child's best interest.[1]  *See* Tex. Fam. Code Ann. § 161.001(b)(1)(N), (O), (b)(2).  We affirm.

Father's appointed appellate counsel filed an *Anders* brief stating that the appeal is frivolous and wholly without merit.  *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.— Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in cases terminating parental rights).  The brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal.  Further, Father's counsel (1) provided Father with a copy of the *Anders* brief, (2) informed Father of his rights to file a pro se response and to seek discretionary review from the Supreme Court, and (3) advised Father of his right to access the appellate record and provided to him a form motion for effectuating that purpose.  *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).  Father

---

[1]The child's Mother is deceased and not a party to this appeal.

did not file a response, and the Texas Department of Family and Protective Services declined to file a brief.

When an *Anders* brief is filed, we must independently examine the record to determine if any arguable grounds for appeal exist. *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied). Our examination should consider the record, the briefs, and any pro se response. *In re L.B.*, No. 02-19-00407-CV, 2020 WL 1809505, at *1 (Tex. App.—Fort Worth Apr. 9, 2020, no pet.) (mem. op.).

After careful review, we agree with Father's counsel that there are no arguable grounds for appeal in this case. We affirm the trial court's judgment terminating Father's parental rights. Father's counsel remains appointed in this case through any proceedings in the Supreme Court unless otherwise relieved of these duties. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016).

/s/ Brian Walker

Brian Walker
Justice

Delivered: October 6, 2022