

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00367-CV

_____

IN THE INTEREST OF Z.G., A CHILD

---

On Appeal from the 322nd District Court
Tarrant County, Texas
Trial Court No. 322-706389-21

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Mother appeals from the trial court's judgment terminating her parental rights to her child, Z.G.,[1] on the grounds that she had endangered Z.G., constructively abandoned Z.G., and failed to comply with her court-ordered service plan, and that termination was in Z.G.'s best interest.[2] *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (N), (O), (b)(2). We affirm.

Mother's appointed appellate counsel filed an *Anders* brief stating that there are no arguable grounds for appeal[3] and also filed a motion to withdraw as Mother's attorney of record. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in cases terminating parental rights). The brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Further, Mother's counsel (1) provided Mother with a copy of the *Anders* brief, (2) informed Mother of her rights to file a pro se response and to seek

---

[1]We use initials to refer to the child. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]The child's father also had his parental rights terminated but did not appeal the judgment.

[3]Mother's counsel purported to present one "arguable" ground for appeal but concluded that it failed on its merits. *See Anders*, 386 U.S. at 744 (holding that legal point "arguable on [its] merits" is not frivolous).

discretionary review from the supreme court, and (3) advised Mother of her right to access the appellate record and provided to her a form motion for effectuating that purpose. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Mother did not file a response, and the Texas Department of Family and Protective Services declined to file a brief.

When an *Anders* brief is filed, we must independently examine the record to determine if any arguable grounds for appeal exist. *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied). Our examination should consider the record, the briefs, and any pro se response. *In re L.B.*, No. 02-19-00407-CV, 2020 WL 1809505, at *1 (Tex. App.—Fort Worth Apr. 9, 2020, no pet.) (mem. op.).

After careful review, we agree with Mother's counsel that there are no arguable grounds for appeal in this case. We affirm the trial court's judgment terminating Mother's parental rights. However, we deny the motion to withdraw filed by Mother's attorney because it does not show good cause for withdrawal. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (order); *C.J.*, 501 S.W.3d at 255. Thus, Mother's counsel remains appointed in this case through any proceedings in the supreme court unless otherwise relieved of these duties. *See P.M.*, 520 S.W.3d at 27.

/s/ Brian Walker

Brian Walker
Justice

Delivered: January 26, 2023

3