

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00487-CV

———————————————

IN THE INTEREST OF C.F., A CHILD

On Appeal from the 322nd District Court
Tarrant County, Texas
Trial Court No. 322-712742-22

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant C.F. (Mother) appeals the termination of her parental rights to her son, C.F. (Son). But Mother's appointed appellate counsel (Counsel) has filed an *Anders* brief indicating that there are no nonfrivolous grounds for appeal. After reviewing the *Anders* brief and conducting an independent review of the record, we agree with Counsel. We will affirm.

## I. Discussion

Between November 2021 and February 2022, the Department of Family and Protective Services received reports that Mother was using methamphetamines, that she was exposing Son to domestic violence, and that she was suffering from significant mental health issues.[1]

During one mental health incident, Mother broke into a neighbor's vehicle and was found hiding in the back seat with Son. She was admitted to a mental health hospital on an emergency detention and was suspected to be using illegal substances. About a month later, Mother suffered another mental health incident, and when she was taken back to the mental health hospital, she tested positive for methamphetamines and marijuana.

---

[1]The Department offered limited testimony regarding Mother's pre-removal actions, but a copy of the affidavit supporting Son's removal was admitted into evidence without objection. *Cf. In re S.M.R.*, 434 S.W.3d 576, 582–83 (Tex. 2014) (considering removal affidavit as evidence when affidavit was admitted without objection). That affidavit is the source of many of the facts recited herein.

In February 2022, Mother left Son in the custody of a family friend, G.G. (Conservator Mother), and told Conservator Mother that she needed her to keep Son. But Mother did not sign any legal documentation to give Conservator Mother the ability to obtain services for Son, and Mother retained the right to retrieve Son at any time.

The trial court ordered Son's emergency removal later that month. At the time, Son was living with Conservator Mother, and Mother's location was unknown.

A short time later, Mother was finally located—in jail. The trial court held an adversary hearing on Son's removal, and it entered a temporary removal order setting forth the conditions for Son's return.[2] One such condition was Mother's compliance with the Department's service plan. The Department required Mother to complete, among other things, a drug assessment, psychiatric and psychological evaluations, parenting classes, FOCUS for Mothers classes, individual counseling, and domestic-

---

[2]The removal order required Mother to "provide the Department with any information regarding whether the child or the child's family has Native American heritage and [to] identify any Native American Tribe with which the child may be associated." Mother told her caseworker that she "believe[d] that she had Indian heritage," but she did not identify a specific tribe or clarify where her alleged lineage traced from. The Department sent notification of Son's pending termination case to the Anadarko Regional Director for the Bureau of Indian Affairs. *See* 25 C.F.R. § 23.11(b)(4) (2023). The Bureau confirmed receipt but noted that the Department had not provided any documentation to show that Son met the definition of an "Indian child." *See* 25 C.F.R. § 23.2 (2023) (defining "Indian child").

violence-related services. In the meantime, Son remained in the possession of Conservator Mother and H.R.B. (Conservator Father).[3]

When Mother was released from jail in June 2022, the Department connected Mother with the relevant service providers and asked her to submit to monthly drug tests. Mother did not complete any of the services or submit to any of the drug tests required of her. Although Mother attended some of the scheduled visitations with Son, Mother's caseworker testified that she "had a history of no[-]showing multiple times." And at one point, Mother went to Conservator Mother's home and attempted to remove Son from her care.

The trial court heard Mother's termination case in December 2022,[4] and it found that termination was in Son's best interest and that Mother had (1) "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;" (2) "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;" and (3) "failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child." Tex. Fam. Code Ann. § 161.001(b)(1)(D),

---

[3]Conservator Mother and Conservator Father had adopted another of Mother's children.

[4]The termination trial took place in one day, and the trial court entered an order of termination that same day. *See* Tex. Fam. Code Ann. § 263.4011(a) (requiring court to render final order "not later than the 90th day after the date the trial commences").

(b)(1)(E), (b)(1)(O), (b)(2). Conservator Mother and Conservator Father were appointed as Son's permanent managing conservators. *See id.* § 153.371.

## II. Discussion

Mother's appointed appellate counsel has filed an *Anders* brief indicating that Mother's appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth, order) (holding *Anders* procedures apply to parental termination appeals), *disp. on merits*, 2-01-349-CV, 2003 WL 2006583, at \*1–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.). Counsel states that she "cannot identify any legally non-frivolous grounds for appeal" and has "conclude[d that] the appeal is without merit." Counsel informed Mother of her right to file a pro se response to the *Anders* brief,[5] *see Anders*, 386 U.S. at 744, 87 S. Ct. at 1400, but Mother has not exercised that right.[6] The Department, too, has declined to file a brief.

Nonetheless, we must independently examine the record to determine if any arguable, nonfrivolous grounds for appeal exist. *See In re C.J.*, 501 S.W.3d 254, 255

---

[5]Counsel also informed Mother of her right to request the appellate record, provided Mother with a motion for pro se access to the appellate record, and informed her of this court's mailing address. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

[6]After the deadline had passed for Mother's pro se response, Mother moved for access to the appellate record and for an extension of time to file her response. We granted the motion, mailed Mother copies of the appellate record and *Anders* brief, and extended the deadline for her to file a response. The extended deadline has since passed, but we have not received a response.

(Tex. App.—Fort Worth 2016, pets. denied). Having done so, we conclude that—although the evidence presented by the Department is far from overwhelming—no nonfrivolous grounds for appeal exist. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re M.G.*, No. 02-21-00149-CV, 2021 WL 4319708, at *1–2 (Tex. App.—Fort Worth Sept. 23, 2021, no pet.) (mem. op.) (conducting similar *Anders* analysis and reaching similar conclusion); *In re W.J.*, No. 02-20-00275-CV, 2021 WL 62132, at *1–2 (Tex. App.—Fort Worth Jan. 7, 2021, no pet.) (mem. op.) (similar).

### III. Conclusion

We affirm the trial court's order terminating the parent–child relationship between Mother and Son.[7]

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: April 20, 2023

---

[7]Although Counsel filed a motion to withdraw based on her conclusion that Mother's appeal is frivolous, Counsel remains appointed through proceedings in the Texas Supreme Court unless she is relieved of her duties for good cause. *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (order).

6