

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00062-CV

———————————————

IN THE INTEREST OF C.C., A.D., & A.D., CHILDREN

---

On Appeal from the 393rd District Court
Denton County, Texas
Trial Court No. 21-4852-393

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

Appellant Mother appeals from the trial court's judgment terminating her parental rights to her children, C.C., A.D., and A.D.,[1] on the grounds that she endangered the children and failed to comply with her court-ordered service plan, and finding that termination was in the children's best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (b)(2). We affirm.

Mother's appointed appellate counsel filed an *Anders* brief stating that there are no arguable grounds for appeal and also filed a motion to withdraw as Mother's attorney of record. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in cases terminating parental rights).

The brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Further, Mother's counsel (1) provided Mother with a copy of the *Anders* brief, (2) informed Mother of her rights to file a pro se response and to seek discretionary review from the supreme court, and (3) advised Mother of her right to access the appellate record from our court and offered to provide her with a free copy of the record upon written request. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

---

[1]We use initials to refer to the children. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

In a June 2, 2023 letter to our court, Mother indicated that she intended to file a response. So, on June 5, 2023, our clerk mailed a letter to her—at her last known address—which included copies of the appellate record and her attorney's *Anders* brief.[2] Given the accelerated nature of the proceedings, we informed Mother that her response was due on June 26, 2023, and that the Department of Family and Protective Services' reply would be due twenty days after that. Mother did not file a response, and the Texas Department of Family and Protective Services declined to file a brief.

When an *Anders* brief is filed, we must independently examine the record to determine if any arguable grounds for appeal exist. *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied). Our examination should consider the record, the briefs, and any pro se response. *In re L.B.*, No. 02-19-00407-CV, 2020 WL 1809505, at *1 (Tex. App.—Fort Worth Apr. 9, 2020, no pet.) (mem. op.).

After careful review, we agree with Mother's counsel that there are no arguable grounds for appeal in this case. We affirm the trial court's judgment terminating Mother's parental rights. However, we deny the motion to withdraw filed by Mother's attorney because it does not show good cause for withdrawal. *See In re P.M.*,

---

[2]On June 22, 2023, this letter was returned to our clerk with the note "Return to Sender – Insufficient Address – Unable to Forward – Return to Sender." Our clerk immediately contacted Mother's attorney to verify Mother's address. Her attorney confirmed that the address on file with our court was also the last known address that they had on file for Mother.

520 S.W.3d 24, 27 (Tex. 2016) (order); *C.J.*, 501 S.W.3d at 255. Thus, Mother's counsel remains appointed in this case through any proceedings in the supreme court unless otherwise relieved of these duties. *See P.M.*, 520 S.W.3d at 27.

/s/ Brian Walker

Brian Walker
Justice

Delivered: July 27, 2023