

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-24-00244-CV

_____

IN THE INTEREST OF K.P., A CHILD

---

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-719877-22

---

Before Sudderth, C.J.; Kerr, and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant D.P. (Mother) appeals the trial court's final order terminating her parental rights to K.P. Because no arguable grounds support the appeal, we affirm the trial court's termination order.

The Texas Department of Family and Protective Services (Department) initiated this proceeding in July 2022 to terminate the parent–child relationship between Mother and K.P. Eleven months later, in June 2023, the trial court extended the dismissal deadline to January 2024. *See* Tex. Fam. Code Ann. § 263.401(b).

Before the expiration of this new dismissal deadline, in September 2023, the trial court ordered a monitored return and further extended the dismissal deadline to March 2024. *See id.* § 263.403(a), (b). But in January 2024, the trial court terminated the monitored return and again extended the dismissal date—this time to June 2024. *See id.* § 263.403(c).

In May 2024, the case proceeded to a bench trial. Mother's attorney, but not Mother, appeared. After hearing the evidence, the trial court found that termination was in K.P.'s best interest and that the Department had proven grounds for termination under Subsections (D) (endangering conditions or surroundings), (E) (endangering conduct), (O) (failure to comply with a court order), (P) (using a controlled substance in a manner endangering the child and continuing to abuse the controlled substance), and (R) (causing the child to be born addicted to alcohol or a

controlled substance) of Section 161.001(b)(1) of the Texas Family Code. *See id.* § 161.001(b)(1)(D), (E), (O), (P), (R), (2). Mother timely appealed.

On appeal, Mother's appointed appellate counsel filed a brief stating that she had conducted a professional evaluation of the record and had concluded that there were no arguable grounds to support an appeal and that the appeal was frivolous. Counsel's brief presents the required professional evaluation of the record showing why there are no reversible grounds on appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (order) (approving use of *Anders* procedure in termination-of-parental-rights appeals); *In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding *Anders* procedures apply in termination-of-parental-rights cases). Further, counsel provided Mother with a motion to have access to the appellate record in this case and informed her of her right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014). We too notified Mother of her right to file a response, but she did not file one. By letter, the Department notified us that it agreed with counsel's brief that Mother's appeal had no meritorious grounds to advance.[1]

---

[1]In counsel's *Anders* brief, she asserted that the evidence was legally and factually insufficient to support the Subsection (O) and (R) findings. But counsel acknowledged that the evidence was legally and factually sufficient to support the Subsection (D), (E), and (P) and best-interest findings. In its letter response, the Department asserted the evidence was legally and factually sufficient to support the Subsection (O) and (R) findings. Because the Subsection (D), (E), and (P) and best-

When reviewing a brief that asserts an appeal is frivolous and that fulfills the requirements of *Anders*, we must independently examine the record to determine if any arguable grounds for appeal exist. *See In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied) (citing *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)). Having carefully reviewed the record and the *Anders* brief, we conclude that there are no arguable grounds that might support Mother's appeal; thus, we agree with counsel that Mother's appeal is frivolous. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). We affirm the trial court's termination order. *See* Tex. R. App. P. 43.2(a).

Mother's counsel remains appointed in this case through any proceedings in the Texas Supreme Court unless otherwise relieved of these duties. *See In re P.M.*, 520 S.W.3d at 27; *In re J.W.*, No. 02-22-00161-CV, 2022 WL 15076379, at *1 (Tex. App.—Fort Worth Oct. 27, 2022, pet. denied) (mem. op. on reh'g).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: September 19, 2024

---

interest findings support the termination decree, we do not have to decide the dispute over the Subsection (O) and (R) findings. *See In re J.B.*, No. 02-22-00384-CV, 2023 WL 1859766, at *7 (Tex. App.—Fort Worth Feb. 9, 2023, pet. denied) (mem. op.) ("Along with a best-interest finding, a finding of only one ground alleged under Section 161.001(b)(1) is sufficient to support termination."). Mother's counsel was aware that termination requires a best-interest finding and only one ground under Section 161.001(b)(1).

4