

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00335-CV

_____

IN THE INTEREST OF M.M., A CHILD

---

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-739255-23

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

This is an appeal from the trial court's order terminating the parental rights of Mother and Father to their child, M.M.[1] The trial court found by clear and convincing evidence that both parents had executed unrevoked or irrevocable affidavits of relinquishment of their parental rights to M.M. pursuant to subsection 161.001(b)(1)(K) of the Texas Family Code. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(K). The trial court also found that termination was in M.M.'s best interest. Father appealed.[2]

Father's appointed counsel filed an *Anders* brief stating that there are no arguable grounds for appeal and also filed a motion to withdraw as Father's attorney of record. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in cases terminating parental rights).

The brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Further, Father's counsel (1) provided Father with a copy of the *Anders* brief, (2) informed Father of his rights to file a pro se response and to seek

---

[1] We use initials or aliases for the names of the parents and child to protect the child's privacy. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b).

[2] Mother also appealed, but we dismissed her appeal after she filed a motion to dismiss on the ground that she no longer desired to alter the trial court's termination order.

discretionary review from the supreme court, and (3) advised Father of his right to access the appellate record from our court and provided him with instructions and a draft motion for obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). We also notified Father of his right to file a response, but he did not do so. The Texas Department of Family and Protective Services declined to reply to the *Anders* brief.

When an *Anders* brief is filed, we must independently examine the record to determine if any arguable grounds for appeal exist. *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied). Our examination should consider the record, briefs, and any pro se response. *In re L.B.*, No. 02-19-00407-CV, 2020 WL 1809505, at *1 (Tex. App.—Fort Worth Apr. 9, 2020, no pet.) (mem. op.).

After careful review, we agree with Father's counsel that there are no arguable grounds for appeal in his case. We affirm the trial court's order terminating Father's parental rights. However, we deny the motion to withdraw filed by Father's attorney because it does not show good cause for withdrawal independent from counsel's conclusion the appeal is frivolous. *See* Tex. R. Civ. P. 10; *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (order); *C.J.*, 501 S.W.3d at 255. Thus, Father's counsel remains appointed in this case through any proceedings in the supreme court unless otherwise relieved of these duties. *See P.M.*, 520 S.W.3d at 27-28.

/s/ Brian Walker

Brian Walker
Justice

Delivered:  November 27, 2024