

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00031-CV

———————————————

IN THE INTEREST OF E.T., A.T., AND E.T., CHILDREN

---

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-745808-24

---

Before Kerr, Birdwell, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Father appeals from the trial court's judgment terminating his parental rights to his minor children on the grounds that Father had "executed before or after the suit [wa]s filed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by Chapter 161" of the Texas Family Code and that termination was in the children's best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(K), (b)(2). We affirm.

Father's appointed appellate counsel filed an *Anders* brief stating that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding that *Anders* procedures apply in cases terminating parental rights), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583, at *1–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.). The brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Further, Father's counsel (1) provided Father with a copy of the *Anders* brief, (2) informed Father of his right to file a pro se response, and (3) advised Father of his right to access the appellate record and provided to him a form motion for effectuating that purpose.[1]

---

[1]Father's counsel did not inform Father of his pro se right to seek discretionary review of our opinion should we declare his appeal frivolous, a function that an appointed lawyer who files an *Anders* brief must fulfill in a criminal appeal. *See* Tex. R. App. P. 48.4; *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). An appointed

Father did not file a response, and the Texas Department of Family and Protective Services declined to file a brief.

When an *Anders* brief is filed, we must independently examine the record to determine if any arguable grounds for appeal exist. *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied). Our examination should consider the record, the briefs, and any pro se response. *In re L.B.*, No. 02-19-00407-CV, 2020 WL 1809505, at *1 (Tex. App.—Fort Worth Apr. 9, 2020, no pet.) (mem. op.).

After careful review, we agree with Father's counsel that there are no arguable grounds for appeal in this case. We affirm the trial court's judgment terminating Father's parental rights. Father's counsel remains appointed in this case through any proceedings in the Supreme Court unless otherwise relieved of these duties. *See* Tex. Fam. Code Ann. § 107.016; *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (order).

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  June 19, 2025

---

appellate attorney in a termination appeal has no such obligation, however, because his representation does not end in our court. *See In re C.W.*, No. 02-21-00340-CV, 2022 WL 1155908, at *2 n.3 (Tex. App.—Fort Worth Apr. 19, 2022, pet. denied) (mem. op.).