

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00447-CV

———————————————

IN THE INTEREST OF M.H. AND D.H., CHILDREN

---

On Appeal from the 393rd District Court
Denton County, Texas
Trial Court No. 18-5952-431

---

Per Curiam Memorandum Opinion[1]
Chief Justice Sudderth concurs without opinion.

---

[1]Pursuant to Rule 2, the requirements of Rule 47.2(a) are suspended from operation in this case. *See* Tex. R. App. P. 2, 47.2(a).

**MEMORANDUM OPINION**

This is an ultra-accelerated appeal[2] in which Appellant C.H. (Mother) appeals the termination of her parental rights to her daughter Meredith[3] and her son David following a jury trial. Mother's court-appointed appellate counsel filed a motion to withdraw and a second amended *Anders* brief averring that after diligently reviewing the record, he believes that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (reasoning that *Anders* procedures apply in noncriminal appeals when appointment of counsel is mandated by statute). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Although given the opportunity, Mother did not file a response. The Department filed a letter stating that it was waiving the opportunity to file a response to the *Anders* brief.

As the reviewing appellate court, we must independently examine the record to decide whether an attorney is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *In re K.R.C.*, 346 S.W.3d

---

[2]*See* Tex. R. Jud. Admin. 6.2(a) (requiring appellate court to dispose of appeal from a judgment terminating parental rights, so far as reasonably possible, within 180 days after notice of appeal is filed).

[3]*See* Tex. R. App. P. 9.8(b)(2) (requiring court to use aliases to refer to minors in an appeal from a judgment terminating parental rights). All children are referred to using aliases.

618, 619 (Tex. App.—El Paso 2009, no pet.).  Having carefully reviewed the record and the *Anders* brief, we agree that Mother's appeal is frivolous.  We find nothing in the record that might arguably support Mother's appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).  Accordingly, we affirm the judgment terminating Mother's parental rights to Meredith and David.

However, we deny the motion to withdraw because Mother's counsel did not show good cause for withdrawal independent from counsel's conclusion that the appeal is frivolous.  *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (order); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied).  Accordingly, Mother's counsel remains appointed in this case through proceedings in the supreme court unless otherwise relieved from his duties for good cause in accordance with Family Code Section 107.016(2)(C).  *See P.M.*, 520 S.W.3d at 27–28; *see also* Tex. Fam. Code Ann. § 107.016(2)(C).

Per Curiam

Delivered:  May 5, 2022

3