

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00079-CV

_____

IN THE INTEREST OF P.G., A CHILD

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-697136-21

Before Justice Wallach, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Mother appeals the trial court's judgment terminating her parental rights to her child after the trial court found that Mother had endangered the child, that Mother had failed to comply with her court-ordered service plan, and that termination was in the child's best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (b)(2). We affirm.

Mother's appointed appellate counsel filed an *Anders* brief stating that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in cases terminating parental rights). The brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why the appeal is wholly without merit. *See In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding). Further, Mother's counsel (1) provided Mother with a copy of the *Anders* brief, (2) informed Mother of her right to file a pro se response, and (3) advised Mother of her right to access the appellate record and provided her with a form motion to effectuate that purpose. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Mother did not file a response, and the Texas Department of Family and Protective Services declined to file a brief.

When an *Anders* brief is filed, we must independently examine the record to determine if any arguable grounds for appeal exist. *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied). Our examination should consider the

record, the briefs, and any pro se response. *In re L.B.*, No. 02-19-00407-CV, 2020 WL 1809505, at \*1 (Tex. App.—Fort Worth Apr. 9, 2020, no pet.) (mem. op.). After careful review, we agree with Mother's counsel that the appeal is wholly without merit.

Counsel remains Mother's appointed attorney through proceedings in the supreme court unless one of the conditions of Texas Family Code Section 107.016(2) is met. *See* Tex. Fam. Code Ann. § 107.016(2)(A)–(C); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (order); *In re W.J.*, No. 02-20-00275-CV, 2021 WL 62132, at \*2 (Tex. App.—Fort Worth Jan. 7, 2021, no pet.) (mem. op.).

We affirm the trial court's judgment terminating Mother's parental rights.

Per Curiam

Delivered: June 9, 2022