

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00122-CV

_____

IN THE INTEREST OF R.B.M., JR., A CHILD

---

On Appeal from the 360th District Court
Tarrant County, Texas
Trial Court No. 360-692878-20

---

Before Kerr, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

This appeal arises from a suit affecting the parent–child relationship. Appellant R.M. appeals the trial court's order adjudicating that he is not the father of minor child R.B.M., Jr.[1] We will affirm.

### II. BACKGROUND

In December 2020, the Department of Family and Protective Services (the Department) filed its Original Petition in a Suit Affecting the Parent–Child Relationship naming Appellant as R.B.M., Jr.'s alleged father. In the petition, the Department requested, among other things, that the trial court determine whether Appellant is actually R.B.M., Jr.'s father and terminate Appellant's parental rights, if any. The trial court appointed an attorney for Appellant. *See* Tex. Fam. Code Ann. § 107.013(a)(3).

In April 2022, the trial court, based on the results of DNA testing, entered an order adjudicating that Appellant is not R.B.M., Jr.'s father. Having excluded Appellant as the father[2] and having received an affidavit of relinquishment of parental

---

[1] We use initials to refer to the minor child as well as his family members and alleged family members. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2] The trial court appointed Kayla Harrington as attorney ad litem for the missing biological father of R.B.M., Jr. *See* Tex. Fam. Code Ann. § 107.013(a)(3). However, Harrington filed a report reflecting that she had been unable to locate R.B.M., Jr.'s biological father after a diligent search.

rights from the child's mother, the trial court terminated the parent–child relationship and awarded permanent managing conservatorship of R.B.M., Jr. to the Department. Appellant timely appealed.

In August 2022, Appellant's appointed appellate counsel filed a brief and corresponding motion to withdraw, stating that he has conducted a professional evaluation of the record and has concluded that there are no arguable grounds to support an appeal of the trial court's order and that the appeal is frivolous. Counsel's brief presents the required professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding *Anders* procedures apply in parental-rights-termination cases), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583 (Tex. App.—Fort Worth May 1, 2003, no pet.) (mem. op.). Further, counsel informed Appellant of his right to request the record and to file a pro se response.[3] *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014). Appellant has not filed a response. The Department has notified us that it does not intend to file a response to counsel's *Anders* brief.

---

[3]Prior to filing his *Anders* brief, counsel notified us that he was having difficulty locating Appellant, and his brief indicates that he served it on Appellant by certified mail at his last known address. Given that a party who fails to keep his attorney informed of his current address forfeits the right to receive a copy of the *Anders* brief and the right to file a pro se response, *In re Schulman*, 252 S.W.3d 403, 408 n.21 (Tex. Crim. App. 2008), we hold that counsel complied with his *Anders* duties in this case.

3

## III. DISCUSSION

### A. This appeal is frivolous.

In reviewing a brief that asserts an appeal is frivolous and that fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to determine if any arguable grounds for appeal exist. *See In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied) (citing *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)). Having carefully reviewed the record and the *Anders* brief, we conclude that there are no arguable grounds for appeal; thus, we agree with counsel that Appellant's appeal is frivolous. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). We affirm the trial court's order adjudicating that Appellant is not the father of R.B.M., Jr. *See* Tex. R. App. P. 43.2(a).

### B. Appellant's appointed counsel remains his attorney.

We deny counsel's motion to withdraw in light of the Texas Supreme Court's decision in *In re P.M.* because counsel has not shown "good cause" other than his determination that an appeal would be frivolous. *See* 520 S.W.3d 24, 27 (Tex. 2016) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."); *cf. In re A.M.*, 495 S.W.3d 573, 582–83 & n.2 (Tex. App.—Houston [1st Dist.] 2016, pets. denied) (noting that since *P.M.* was handed down, "most courts of appeals affirming parental termination orders after receiving *Anders* briefs have denied the attorney's motion to withdraw").

4

If Appellant wishes to pursue an appeal to the Texas Supreme Court, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28.

## IV. CONCLUSION

We agree with counsel's *Anders* brief that this appeal is frivolous and affirm the trial court's judgment.

/s/ Dana Womack
Dana Womack
Justice

Delivered: January 26, 2023