

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00082-CV

_____

IN THE INTEREST OF K.W. AND K.W., CHILDREN

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-707636-21

Before Sudderth, C.J.; Womack and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

Appellant R.W. (Mother) appeals the trial court's order terminating her parental rights to her children K.W. and K.W.[1] The trial court also terminated the parental rights of the children's fathers, but neither father appealed.

The trial court found that the Texas Department of Family and Protective Services (the Department) had proved four conduct-based grounds for termination. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (P). Additionally, the trial court found that the Department had proved that Mother had an inability to care for the children. *See id.* § 161.003(a)(2). Finally, the trial court found that termination was in the children's best interest. *See id.* § 161.001(b)(2), .003(a)(5).

The trial court awarded permanent managing conservatorship of the children to the Department and possessory conservatorship to the intervenors, the foster parents.

## II. BACKGROUND

Mother's appointed appellate counsel has filed a brief asserting that "the appeal is frivolous and without merit." *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth

---

[1]We use aliases for the children and identify R.W. by her relationship to the children, that is, as "Mother." *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

2003, order) (holding that *Anders* procedures apply in parental-rights termination cases). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and showing why there are no arguable grounds to advance on appeal.

We provided Mother the opportunity to obtain a copy of the appellate record and to file a pro se response, but she did not do so. The Department has responded that it agrees with Mother's counsel that the appeal is frivolous.

## III. DISCUSSION

When an *Anders* brief is filed, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at \*1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We also consider the *Anders* brief itself and, if filed, any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at \*10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.).

We have carefully reviewed appointed appellate counsel's *Anders* brief and the appellate record. Having found no reversible error, we agree with counsel that this appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's order terminating the parent–child relationship between Mother and the children.

Mother's counsel did not file a motion to withdraw, and the record does not show good cause for withdrawal independent from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (order); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pet. denied). Accordingly, Mother's counsel remains appointed through proceedings in the Texas Supreme Court unless otherwise relieved. *See P.M.*, 520 S.W.3d at 27–28; *see also* Tex. Fam. Code. Ann. § 107.016(2)(C).

## IV. CONCLUSION

We agree with counsel that Mother's appeal is frivolous; thus, we affirm the trial court's termination order.

/s/ Dana Womack

**23082CV – K.W. (180)**

DMW/Dean

Dana Womack
Justice

Delivered: June 30, 2023

4