

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00451-CV

_____

IN THE INTEREST OF N.V., A CHILD

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-744350-23

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

Appellant Father appeals the trial court's order terminating his parental rights to his child, N.V.[1] We modify the judgment to delete the trial court's finding under Texas Family Code Section 161.002(b)(1) (terminating parental rights of "alleged father"), and because there are otherwise no arguable grounds that might support the appeal, we affirm the judgment as modified.

In December 2023, the Texas Department of Family and Protective Services (TDFPS) initiated this proceeding to terminate the parent–child relationship between Father and N.V. N.V. was only five days old. Father was incarcerated on a charge for aggravated sexual assault of a child.

In October 2024, this case proceeded to a bench trial. Father's counsel appeared, but Father did not appear due to his still being incarcerated; he had been indicted for the aggravated-sexual-assault-of-a-child charge. After hearing the evidence, the trial court terminated Father's parental rights.[2] It found that TDFPS had proven grounds for termination under Subsections (D) (endangering conditions or surroundings), (E) (endangering conduct), (N) (constructive abandonment), and (O) (failure to comply with a court order) and that termination was in N.V.'s best interest.

---

[1]In appeals from orders terminating the parent–child relationship, we use initials or aliases for the names of the children and their parents. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]The trial court also terminated the parent–child relationship between N.V. and his mother, but Mother has not appealed.

*See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (N), (O), (b)(2). The trial court also found that Father had failed to file an admission of paternity or counterclaim for paternity under Section 161.002(b)(1). *See id.* § 161.002(b)(1). Father timely appealed.

On appeal, Father's appointed appellate counsel filed a brief stating that she has conducted a professional evaluation of the record and has concluded that there are no arguable grounds to support an appeal and that the appeal is frivolous.[3] Counsel's brief presents the required professional evaluation of the record and demonstrates why there are no reversible grounds on appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (order) (approving use of *Anders* procedure in termination-of-parental-rights appeals); *In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding *Anders* procedures apply in termination cases). Further, counsel provided Father with a copy of the *Anders* brief, informed Father of his rights to review the appellate record and to file a pro se appellate brief in response, and provided Father with a motion for access to the appellate record. *See Kelly v. State*, 436

---

[3]In counsel's brief, she asserts that the evidence was legally and factually insufficient to support the trial court's Subsection (O) finding. She acknowledges, however, that the evidence is legally and factually sufficient to support the trial court's Subsection (D), (E), and (N) and best-interest findings. Because the Subsection (D), (E), and (N) and best-interest findings support the trial court's termination order, we do not have to decide the Subsection (O) finding. *See In re J.B.*, No. 02-22-00384-CV, 2023 WL 1859766, at *7 (Tex. App.—Fort Worth Feb. 9, 2023, pet. denied) (mem. op.) ("Along with a best-interest finding, a finding of only one ground alleged under Section 161.001(b)(1) is sufficient to support termination."). Indeed, Father's counsel notes that parental-rights termination requires a best-interest finding and only one ground under Section 161.001(b)(1).

S.W.3d 313, 318–20 (Tex. Crim. App. 2014). We too notified Father of his right to file a response, but he has not done so. TDFPS declined to reply to the *Anders* brief.

When reviewing a brief that asserts an appeal is frivolous and that fulfills the requirements of *Anders*, we must independently examine the record to determine if any arguable grounds for appeal exist. *See In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied) (citing *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)). We also consider the *Anders* brief itself and any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.).

We have carefully reviewed the record and the *Anders* brief. The record reflects that Father did not file a counterclaim for paternity or for voluntary paternity under Chapter 160. He did, however, file a request for appointed counsel, signing on a line above the words "Respondent Parent," and he asked TDFPS for a DNA test to determine the paternity of N.V. In March 2024, TDFPS filed a "Motion for Genetic Testing," and the trial court subsequently signed an "Order for Genetic Testing"; Father cooperated with the order. At trial, TDFPS told the trial court that it had received a copy of the DNA test results, which proved that Father is the father of N.V. Father's counsel asserted that the results had not been forwarded to him prior to trial, and the trial court took judicial notice of that fact. The trial court found that it had sufficient proof that Father is the biological father of N.V. Father conceded the

trial court's paternity finding[4] and asked the trial court not to terminate his parental rights to N.V.

We conclude that the evidence is legally and factually insufficient to support the trial court's "alleged father" finding pursuant to Section 161.002(b)(1). *See In re K.E.S.*, No. 02-11-00420-CV, 2012 WL 4121127, at *3 (Tex. App.—Fort Worth Sept. 20, 2012, pet. denied) (mem. op. on reh'g) (holding father sufficiently admitted paternity by filing a request for counsel and signing above the words "Respondent Parent," by acknowledging that he was the child's parent, and by cooperating with paternity test, which was admitted without objection at trial, allowing the issue to be tried by consent); *In re V.S.R.K.*, No. 2-08-047-CV, 2009 WL 736751, at *4–5 (Tex. App.— Fort Worth Mar. 19, 2009, no pet.) (mem. op.) ("[T]he record indicates that [father] admitted paternity in manners that even [TDFPS] concedes this court has recognized as admissions of paternity . . . ."); *Toliver v. Tex. Dep't of Fam. & Protective Servs.*, 217 S.W.3d 85, 105 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that although father did not file a document with the trial court, he "timely file[d] an admission of paternity" by appearing at trial, asserting that he was the child's father, and requesting that his rights not be terminated); *In re K.W.*, 138 S.W.3d 420, 430 (Tex. App.—Fort Worth 2004, pet. denied) (concluding father's written admissions of paternity sufficiently established parentage). Accordingly, we delete that finding from the

_____

[4]We note that none of the parties offered the DNA results into evidence, and they are not in the record.

5

judgment. *See In re X.J.*, No. 02-23-00305-CV, 2023 WL 8467499, at *2 (Tex. App.—Fort Worth Dec. 7, 2023, no pet.) (mem. op.).

Other than deleting the Section 161.002(b)(1) finding, we conclude that there are no arguable grounds that might support Father's appeal; therefore, we agree with counsel that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). We modify the judgment to delete the Section 161.002(b)(1) finding and affirm as modified.

Father's counsel did not file a motion to withdraw; she remains appointed in this case through any proceedings in the Texas Supreme Court unless otherwise relieved of these duties. *See P.M.*, 520 S.W.3d at 27; *In re J.W.*, No. 02-22-00161-CV, 2022 WL 15076379, at *1 (Tex. App.—Fort Worth Oct. 27, 2022, pet. denied) (mem. op. on reh'g).

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: February 20, 2025

6