

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00563-CV

———————————————————

IN THE INTEREST OF A.S., J.S., S.S., AND K.C., CHILDREN

---

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-497378-11

---

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

Appellant Mother appeals from the trial court's final order (1) appointing Mother and Father joint managing conservators of their child, A.S.,[1] with Father having the exclusive right to determine A.S.'s residence; and (2) ordering Father to pay child support.[2] Because there are no arguable grounds that might support the appeal, we affirm.

## I. Background

In October 2023, the Texas Department of Family and Protective Services (TDFPS) initiated this proceeding to terminate the parent–child relationship between Mother and A.S. A.S. was subsequently removed from Mother's care, and in November 2023, Father was named temporary possessory conservator of A.S. A.S., who was fourteen years old at the time, remained in Father's care throughout the pendency of the case and expressed a desire to continue living with Father.

Mother successfully completed the service plan developed for her by TDFPS. At the time of trial, TDFPS no longer sought termination of Mother's parental rights and instead requested that Mother and Father be named joint managing conservators

---

[1] In appeals from orders in suits affecting the parent–child relationship, we use initials or aliases for the names of the children and their parents. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2] Mother has four children: A.S., J.S., S.S., and K.C. Father is the father of A.S. and S.S. All four children were the subject of this suit and of the trial court's order. Because Mother appeals only those portions of the trial court's order pertaining to A.S., A.S. is the only child subject to this appeal. Father has not appealed and is not a party to this appeal.

of A.S. and that A.S. remain in Father's home. After hearing the evidence, the trial court appointed Mother and Father joint managing conservators of A.S., granted Father the exclusive right to determine A.S.'s residence, and ordered Father to pay offsetting child support to Mother in the amount of $170 per month. Mother timely appealed.

## II. Mother's Appeal

On appeal, Mother's appointed appellate counsel has filed a brief stating that he conducted a professional evaluation of the record and concluded that there are no arguable grounds to support an appeal and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no reversible grounds on appeal. *See id.*, 87 S. Ct. at 1400; *see also In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (order) (approving use of *Anders* procedures in termination-of-parental-rights appeals); *In re L.P.*, No. 02-20-00292-CV, 2021 WL 126588, at *1 (Tex. App.—Fort Worth Jan. 14, 2021, pet. denied) (mem. op.) (applying *Anders* procedures in appeal from order appointing grandparents joint managing conservators); *In re E.L.W.*, No. 01-17-00546-CV, 2017 WL 5712545, at *1 (Tex. App.—Houston [1st Dist.] Nov. 28, 2017, no pet.) (per curiam) (mem. op.) ("*Anders* procedures are appropriate in an appeal from a trial court's final order in a suit brought by [T]DFPS for the protection of a child, for conservatorship, or for parental-rights termination."); *In re J.E.L.*, No. 04-15-00634-

3

CV, 2016 WL 1359354, at *1 (Tex. App.—San Antonio Apr. 6, 2016, pet. denied) (mem. op.) (applying *Anders* procedures in appeal from order in which trial court did not terminate parental rights but appointed grandmother as managing conservator and parents as possessory conservators); *In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding *Anders* procedures apply in termination cases).

Further, counsel provided Mother with a copy of the *Anders* brief, informed Mother of her rights to review the appellate record and to file a pro se appellate brief in response, and provided Mother with a motion for access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014). We too notified Mother of her right to file a response, but she has not done so. TDFPS declined to reply to the *Anders* brief.

When reviewing a brief that asserts an appeal is frivolous and that fulfills the requirements of *Anders*, we must independently examine the record to determine if any arguable grounds for appeal exist. *See In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied) (citing *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)). We also consider the *Anders* brief itself and any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.).

### III. Conclusion

Having carefully reviewed the record and the *Anders* brief, we conclude that there are no arguable grounds that might support Mother's appeal; therefore, we agree with counsel that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). We affirm the trial court's order.

Mother's counsel did not file a motion to withdraw. He remains appointed in this case through any proceedings in the Texas Supreme Court unless otherwise relieved of his duties. *See P.M.*, 520 S.W.3d at 27; *In re J.W.*, No. 02-22-00161-CV, 2022 WL 15076379, at *1 (Tex. App.—Fort Worth Oct. 27, 2022, pet. denied) (mem. op. on reh'g).

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: May 22, 2025

5