

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00480-CV

———————————————

IN THE INTEREST OF T.F., A CHILD

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-748154-24

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

Appellant Father appeals the trial court's order terminating his parental rights to his child, T.F.,[1] and awarding permanent managing conservatorship of her to the Texas Department of Family and Protective Services (TDFPS).[2] *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (b)(2). Because there are no arguable grounds that might support the appeal, we affirm.

Father's appointed appellate counsel has filed a brief stating that she conducted a professional evaluation of the record and concluded that there are no arguable grounds to support an appeal and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no reversible grounds on appeal. *See id.*, 87 S. Ct. at 1400; *see also In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (order) (approving use of *Anders* procedures in termination-of-parental-rights appeals); *In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding that *Anders* procedures apply in termination cases).

---

[1]In termination-of-parental-rights cases, we use aliases for the names of the children and their parents. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]In the same termination order, the trial court also terminated Mother's parental rights to T.F. However, Mother has not appealed the termination order and is not a party to this appeal.

Further, counsel (1) provided Father with a copy of the *Anders* brief; (2) informed Father of his rights to request and review the appellate record and to file a pro se brief in response; (3) explained to Father the process of obtaining the appellate record; and (4) provided Father with a motion for pro se access to the appellate record, which lacked only Father's signature and the date. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014). We too notified Father of his rights to request and examine the appellate record and to file a pro se response to the *Anders* brief, but he has not done so.

We then notified TDFPS that Father had not filed a pro se response and that its response to the *Anders* brief, if any, was due by January 5, 2026. TDFPS has declined to file a response but agrees with counsel's assertion that there are no arguable grounds for relief.

When reviewing a brief that asserts an appeal is frivolous and that fulfills the requirements of *Anders*, we must independently examine the record to determine if any arguable grounds for appeal exist. *See In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied) (citing *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)). We also consider the *Anders* brief itself and any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.).

Having carefully reviewed the record and the *Anders* brief, we conclude that there are no arguable grounds that might support Father's appeal; therefore, we agree

3

with counsel that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). We affirm the trial court's order terminating Father's parental rights to T.F.[3]

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: January 30, 2026

---

[3]Father's counsel also filed a motion to withdraw. We deny that motion because counsel did not show good cause for withdrawal independent from her conclusion that the appeal is frivolous. *See P.M.*, 520 S.W.3d at 27; *C.J.*, 501 S.W.3d at 255. Accordingly, Father's counsel remains appointed in this case through any proceedings in the Texas Supreme Court unless otherwise relieved of her duties. *See P.M.*, 520 S.W.3d at 27; *see also* Tex. Fam. Code Ann. § 107.016(2)(C).